IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jack Ommert,                                                    Case No. 3:07CV308

             Plaintiff,

     v.                                                         ORDER

James F. Bottoms, Sr. and
JFB Planning Services, Inc.,

             Defendants.

     This is a financial fraud case, originally filed by plaintiff in the Lucas County Court of

Common Pleas. Defendants removed the case to this Court based on diversity of citizenship.

Plaintiff Jack Ommert asserts claims of fraud and breach of fiduciary duty, among other counts,

against his former financial investment consultant, Jack F. Bottoms, and his company, JFB Planning

Services ["JFB"]. Defendants move to dismiss for lack of federal jurisdiction in Ohio, or, in the

alternative, to transfer venue to a federal court in Georgia.

     For the reasons that follow, defendants' motion to dismiss shall be granted.

**Background**

     In June, 2004, a business associate recommended defendants Bottoms and JFB to Ommert

for financial consulting services. From June 24, 2004, through the months that followed, Ommert

exchanged phone calls with Bottoms and JFB. Three of these phone calls were initiated by Bottoms

and JFB. Ultimately, Ommert transferred money to Bottoms and JFB to invest on Ommert's behalf.

By December, 2006, Ommert learned Bottoms was not licensed as an investment advisor, and that

Bottoms had allegedly provided Ommert with false investment values. Ommert then brought this suit. He asserts claims for breach of fiduciary duty, common law fraud in the inducement, breach of contract, negligence, negligent misrepresentation, and violation of the Ohio Securities Laws against Defendants.

## Standard of Review

Defendants move to dismiss the current case for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or, in the alternative, to transfer the venue under Fed. R. Civ. P. 12(b)(3). When confronted by a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over the defendants. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). The plaintiff must "set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Plaintiff "need only make a prima facie showing of jurisdiction." *Neogen Corp. v. Neo Gen. Screening, Inc.*, 282 F.3d 883, 887-88 (6th Cir. 2002). Plaintiff's pleadings and affidavits are to be viewed in a light most favorable to the plaintiff. *Theunissen*, *supra.*

## I. Subject Matter Jurisdiction

This Court has subject matter jurisdiction based on diversity of citizenship, under 28 U.S.C. § 1332. Diversity jurisdiction is appropriate because the amount in controversy exceeds $75,000 and the plaintiff and defendants are citizens of different states. JFB is a Georgia corporation with its principal place of business located in Alpharetta, Georgia, and Bottoms is a citizen and resident of Georgia. Ommert is a citizen and resident of Ohio.

When subject matter jurisdiction is based on diversity, federal courts look to the law of the forum state to determine if personal jurisdiction is proper. *Matrix Essentials, Inc. v. Harmon Stores, Inc.*, 205 F. Supp. 2d 779, 783 (N.D. Ohio 2001).

## II. Personal Jurisdiction Under Ohio State Law

To establish personal jurisdiction over a foreign defendant, jurisdiction must: 1) comport with Ohio's long arm statute; and 2) be "otherwise consistent with the Due Process Clause of the Fourteenth Amendment." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003); *see also Goldstein v. Christiansen*, 70 Ohio St. 3d 232 (1994). As the Ohio long arm statute does not extend as far as the federal due process requirements, the two branches of the test are to be examined separately. *Goldstein*, *supra*, at 545 n.1.

Personal jurisdiction may be based on either general or specific jurisdiction. *Douglas v. Modern Aero, Inc.*, 954 F. Supp. 1206, 1210 (N.D. Ohio 1997).

## A. General Jurisdiction

General jurisdiction is appropriate where "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002).

General jurisdiction does not apply in the present case. Bottoms' and JFB's contacts with Ohio are neither continuous nor systematic. In fact, neither defendant has any contacts with Ohio except for their dealings with the plaintiff. Neither Bottoms nor JFB has any other clients or business in Ohio, nor have they ever been employed in Ohio. JFB has no offices in Ohio and is not licensed

to conduct business in Ohio. Bottoms alleges he has not traveled to Ohio in the past twenty years, and he never met the plaintiff in Ohio.

In light of the foregoing, it is clear that the defendants have insufficient contacts with Ohio to subject them to this Court's general jurisdiction.

## B. Specific Jurisdiction

Specific jurisdiction applies where "the claims in the case arise from or are related to the defendant's contacts with the forum state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). To bring the defendants before this Court, the plaintiff must show that Ohio's long arm statute, O.R.C. § 2307.382(A), authorizes doing so.

In addition, compelling the defendants to be before this Court must satisfy basic principles of due process under the Due Process Clause. To comport with due process, assertion of jurisdiction over a nonresident cannot  "offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This requires a showing that the defendant must have "certain minimum contacts" with the forum state.

## 1. Specific Jurisdiction Under the Ohio Long Arm Statute

Section 2307.382 of the Revised Code allows for personal jurisdiction over a foreign defendant in nine situations. Specifically, § 2307.382(A)(1), authorizing jurisdiction over a defendant  who is "[t]ransacting any business in this state," is applicable in this case.

Under Ohio law, "transacting business" means to carry on business and to have dealings; it is broader than the word "contract." *Highway Auto Sales, Inc. v. Auto-Konig of Scottsdale, Inc.,* 943 F.Supp. 825 (N.D. Ohio 1996); *Kentucky Oaks Mall v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75-76 (1990). In *Kentucky Oaks Mall*, the defendant negotiated a contract entirely by telephone

4

with an Ohio-based business. The Ohio Supreme Court held that the non-resident defendant who

contracted with an Ohio resident and created an ongoing business relationship is "transacting

business" in Ohio under O.R.C. § 2307.382(A)(1). *See Kentucky Oaks Mall, supra,* at 75-76.

The facts and circumstances must be viewed on a case-by-case basis. *U.S. Sprint*

*Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St. 3d 181 (1994). In the

present case, Bottoms and JFB entered into an agreement with plaintiff Ommert over the telephone

and through the mail to provide financial investment services. Although defendants provided these

services and received payment in Georgia, I conclude, keeping in mind that the plaintiff must only

make a prima facie showing, the defendants transacted business in Ohio within the meaning of the

Ohio Long Arm statute.[1]

### 2. Specific Jurisdiction Under the Due Process Clause of the Fourteenth Amendment

The Sixth Circuit has a three part test for determining whether bringing a defendant before

a court, even if permitted by state law, offends the Due Process Clause:

> 1) The defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;
>
> 2) The cause of action must arise from the defendant's activities there; and
>
> 3) The acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

---

[1]

Defendants also arguably were "contracting to supply services or goods" in Ohio, within § 2307.382(A)(2).  As § 2307.382(A)(1) of the Ohio long arm statute allows for personal jurisdiction in the present case, I need not reach whether the other opportunities for personal jurisdiction under the long arm statute also apply.

### a. No "Purposeful Availment" by Defendants

The "purposeful availment" prong is satisfied if, by their conduct and connection with Ohio, the defendants "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This requirement, which ensures that jurisdiction will not solely be a result of "random, fortuitous, or attenuated contacts, *or of the unilateral activity of another party,*" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis added), "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen*, 444 U.S. at 297. Personal jurisdiction under the purposeful availment prong is satisfied where "the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Id*.

The act of making phone calls into a forum, standing alone, can lead to jurisdiction over a defendant if the phone calls themselves form the basis for the action. *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001). During the two-year span of the relationship between the parties in this case, however, plaintiff initiated nearly all the contacts and calls with the defendants. The only three calls by defendant Ommert to plaintiff were, in any event, in response to calls by the plaintiff to Ommert. The longest of those calls, moreover, lasted only 2.5 minutes.

As in *LAK v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir. 1989), the plaintiff in this case "reached out to" the defendants, and he "did so not for the purpose of creating any 'continuing relationship'" with the plaintiff. The Sixth Circuit stated in that case:

> We are not prepared to hold that when [plaintiff] placed calls to [defendant] in Indiana, the latter was required to hang up the phone if he wished to protect his client against a subsequent finding of "purposeful availment" of the benefits of the laws of whatever state

6

or states the calls happened to come from. Mere awareness that [plaintiff] and its legal counsel were from Michigan clearly was not enough.

*Id.* at 1301.

I conclude that the slender web of telephonic contacts, where only three very thin strands were created by the defendants [and those at the beck of the plaintiff], did not constitute purposeful availment on their part. I agree with the contention in the defendants' brief that "it was merely fortuitous that the Defendants had any contact at all with Ohio." Doc. 15, p. 4.

I note, moreover, that plaintiff does not allege that the calls constituted wrongdoing on the defendants' part. Plaintiff's claims in this case relate, rather, to defendants' investment activities or practices in Georgia.

This distinguishes the present case from *Neal, supra*, in which the Sixth Circuit held that jurisdiction properly could be based on phone calls where false information communicated during the calls "were not merely incidental communications sent by the defendant"; they lay, rather, at "the heart of [the] plaintiffs' claims." 270 F.3d at 332.

In this case, in contrast, plaintiff seeks not to recover on the basis of the calls, but merely to establish jurisdiction. Given their infrequency, and the fact that the center of gravity of the alleged wrongdoing is in Georgia, the calls do not suffice for that purpose.[2]

---

[2]

Plaintiff's failure to show "purposeful availment" on defendants' part ends the due process inquiry in their favor.

I note, however, that plaintiff cannot satisfy the other two due process requirements [namely, that the cause of action arise from the defendant's activities in this State and their actions had a sufficiently substantial connection here to make the exercise of jurisdiction over them reasonable].

As noted, the financial transactions giving rise to this suit occurred in Georgia. Under all the circumstances here, it would not be reasonable to exercise jurisdiction over the defendants.

## Conclusion

In light of the foregoing, it is

ORDERED THAT:

1. The motion of Bottoms and JFB to dismiss be, and the same hereby is granted, without

prejudice; and

2. The motion to transfer venue be, and the same hereby is overruled as moot.

So ordered.


                                                    s/James G. Carr
                                                    James G. Carr
                                                    Chief Judge

---

Finally, as there is no jurisdiction over the defendants here, the issue of whether venue would be more appropriate in Georgia, rather than here, is moot.